the Company and the contract between the Company's representatives and the Company. Assuming that these contracts are what they purport to be both the supervisor and the representatives are employed by and are employees of the same Company, becoming such employees of such Company by virtue of the execution of the respective contracts and the entering upon the duties and the obligations promised and agreed upon in the said contracts.

The question now to be answered is whether or not the supervisor-employee of said Company in performing his duties under the contract by employing representatives for his Company is covered by the definitions of employment agent and/or employment office as set out in the statutes above. We think it is clear that these statutes do not expressly include the activities of said supervisor and we are unable to find in the statutes a necessary implication which would include such activities.

It would seem to be beyond question that the supervisor described in your letter and in the contracts attached thereto is a sub-principal or agent of the Davant Company and in employing representatives is acting solely for and in the place of the said Davant Company. Such an employing representative acts only for his company and for no other person or no other company and is not representing employers generally who might call upon him to find employees for them and is not acting for employees generally who might solicit his services in finding employment for them. It is manifest that he is not the usual well-recognized "employment agent" and does not maintain the usual, well-recognized "employment office" which seems to be contemplated by the definitions given in the statute. Ordinarily an employment agency or an employment agent offers his services generally to employers for the purpose of finding employees qualified to perform the services required by such employer and to employees or prospective employees in general who seek employment with any employer who may use the kind of services they are qualified to perform. Clearly this is not the relationship described in your inquiry. The supervisor here is himself an employee of the Company for whom he acts as a vice principal or agent in seeking to find and employ other employees for his Company. We do not believe the fact that he receives a part of his remuneration for the services thus performed on behalf of his Company from deposits paid in by the representatives he hires changes in any respect relative to the matter here under discussion his relationship to his company or his status under

the definition as given in the statute. A construction of the employment agent statute which would bring this supervisor within the terms of such statute would also include any company which hires its employees through its own vice principals or agents and we do not believe that this was the intention of the Legislature.

You are therefore respectfully advised that in the opinion of this department, agents acting in the capacity described in your letter with its enclosures would not come within the provisions of our employment agency law.

In accordance with your request we are returning to you herewith the file which you enclosed and we trust that you will find the answer here given to your inquiry, satisfactory.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Robert F. Cherry
Assistant

APPROVED MAR 26, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

RFC:mp